```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

William Phillips

   v.                                    Civil No. 18-cv-215-JL

N.H. Governor Chris Sununu; N.H. Department
of Health & Human Services Commissioner
Jeffrey A. Meyers; N.H. Division of Child
Support Services Attorney Peggy Ann Rossing;
N.H. Circuit Court, Ninth Circuit, Family
Division-Merrimack Clerk of Court Lynn
Killkelley; Lisa Curtis; and Attorney Edward
Richards, Lydon & Richards, P.C.

**REPORT AND RECOMMENDATION**

Pro se plaintiff William Phillips, has filed addenda (Doc. Nos. 6, 8, 10, 11, 15) to his original complaint (Doc. No. 1), in response to the court's May 9, 2018 Order (Doc. No. 5).  The complaint and addenda are before the court for preliminary review.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  Also before the court is a motion for a preliminary injunction (Doc. No. 9), which has been referred to the undersigned magistrate judge for a report and recommendation.  See Aug. 20, 2018 Order.

**Background**

This action relates to a state proceeding, In re Phillips & Curtis, No. 226-2008-DM-01185 (N.H. Cir. Ct., 9th Cir., Family Div., Merrimack) ("In re Phillips & Curtis"), pending in family court in Merrimack, New Hampshire ("Merrimack Family Court"), in

which plaintiff was found to be liable for unpaid child support arrearages dating back to 2011/2012.  See Aug. 15, 2017 Order, In re Phillips & Curtis (Doc. No. 6-1, at 24).  In December 2016, the New Hampshire Department of Health and Human Services ("DHHS") Division of Child Support Services ("DCSS") certified that the amount of unpaid child support then exceeded $29,500.00.  See DHHS DCSS Dec. 14, 2016 Ltr. to Lisa Curtis and Financial Statement (Doc. No. 6-1, at 10, 11).  Phillips alleges here that a claim for $33,000.00 in unpaid child support was asserted against him in state court in 2017/2018.

Plaintiff asserts that he became disabled in 2011.  The Disability Determination Unit of the DHHS Division of Community Based Care Services denied his application for assistance under the Aid to the Permanently and Totally Disabled ("APTD") program in August 2011, see Doc. No. 6-1, at 6, and sometime thereafter he began to receive disability benefits from a private insurer. Plaintiff asserts that beginning in 2011, DCSS garnished his disability benefits to pay child support arrearages, and that the garnishment ended when he began to receive Supplemental Security Income ("SSI") in late 2012.

In 2017, the mother of his children, Lisa Curtis, through counsel, filed a motion in In re Phillips & Curtis, seeking to have Phillips held in contempt of court for failing to pay child support.  Phillips asserts he contacted the Merrimack Family

Court in 2017, expecting that the proceedings initiated by Curtis would be closed when he provided proof to that court that he had been receiving SSI. The court did not close the case, and, he asserts, a court employee taunted him in the clerk's office by calling out a question as to why he had not paid child support. After an August 2017 hearing on the motion for contempt, the Merrimack Family Court ordered Phillips to direct the private insurer to pay $700 per month of his long term disability benefits to Curtis's counsel, to pay off the arrearages. See Aug. 15, 2017 Order, In re Phillips & Curtis (Doc. No. 6-1, at 24). Phillips filed an appeal of that order to the New Hampshire Supreme Court ("NHSC"). The NHSC declined Phillips's appeal in January 2018. See In re Phillips, No. 2017-0523 (N.H. Jan. 17, 2018) (Doc. No. 6-2, at 5).

Curtis, through counsel, filed a renewed motion in In Re Phillips & Curtis in 2018, seeking to have Phillips held in contempt of court. The Merrimack Family Court has directed Phillips to file documentation regarding his long-term disability benefits and has scheduled a show cause hearing on the motion for contempt for August 28, 2018.

## Claims

Phillips asserts the following claims for relief here:

3

1.   The defendant state agencies violated Phillips's federal rights, giving rise to liability under 42 U.S.C. § 1983, by:

> A. denying him APTD benefits refused to him in 2011; and
>
> B. garnishing Phillips's disability benefits from 2011 until he began to receive SSI.

2.   Merrimack Family Court Clerk Lynn Killkelley violated plaintiff's Fourteenth Amendment rights to due process and equal protection in 2017, in that:

> A. The court clerk failed to close Lisa Curtis's proceedings against Phillips upon receiving proof in the clerk's office that Phillips received SSI;
>
> B. A clerk's office employee whited out a portion of Judicial Referee Alice Love's August 9, 2017 recommended order, after Phillips filed an appeal relating to that order;
>
> C. The court clerk did not file certain exhibits that Phillips presented in the clerk's office; and
>
> D. A clerk's office employee berated Phillips by asking why he did not pay the arrearages.

3.   Lisa Curtis and her counsel: violated Phillips's rights under the federal Fair Debt Collection Act, made false and misleading representations, and engaged in unfair and deceptive practices in violation of state law, in litigating a claim for unpaid child support arrearages in the Merrimack Family Court case.

4.   DHHS Commissioner Jeffrey Meyers and DHHS Staff Attorney Peggy Rossing violated plaintiff's federal rights by certifying and/or failing to reduce the arrearages at issue, which accrued while Phillips was receiving SSI and disability benefits.

5.   Defendant Governor Sununu is liable for breaching his oath of office and for failing to perform duties under the New Hampshire Constitution.

**Discussion**

I.  Preliminary Review[1]

  A.  Eleventh Amendment

Phillips has asserted claims for damages and injunctive relief against state agencies and state officers in their official capacities.  His claims for damages and injunctive relief against each state agency, and his claims for damages against state officers in their official capacities are barred by the Eleventh Amendment and should be dismissed.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015).

  B.  State Action Occurring before 2013 (Claim 1)

Phillips alleges that state officers violated his federal rights by garnishing income he received prior to 2013, while he was receiving disability benefits, and by denying him APTD benefits in 2011.  Phillips has filed an exhibit indicating that the garnishment ended in November/December 2012.  See Doc. No. 6-1, at 11, 12.  Phillips's claims of violations of his federal rights, arising under 42 U.S.C. § 1983, relating to a state decision that occurred in 2011 and a garnishment that ended prior to 2013, are barred by the applicable three-year statute

---

[1]The standard applied by this court in conducting the preliminary review of the complaint documents and addenda is set forth in the May 9, 2018 Order (Doc. No. 5).

5

of limitations.  See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010).  Accordingly, Claim 1 should be dismissed.

### C. Clerk of Court (Claim 2)

#### 1. Absolute Immunity (Claims 2(a), 2(b), 2(c))

Phillips asserts in Claim 2(a) that Merrimack Family Court Clerk Lynn Killkelley is liable for damages for conduct undertaken by that court's staff that Phillips asserts violated his federal rights, including his rights under the Fourteenth Amendment.  Specifically, Phillips asserts that the court did not dismiss a contempt proceeding initiated against him in 2017, even though Phillips produced evidence in the clerk's office that he was an SSI recipient.  Phillips further asserts in Claims 2(b) and 2(c) that the clerk's office did not accept certain exhibits he submitted for filing, and that an unknown court employee whited out part of Judicial Referee Love's August 9, 2017 recommended order, which Phillips asserts concerned N.H. Rev. Stat. Ann. ("RSA") § 161-C:5.  He asserts that the deletion was intended "to aid the defendants in the Public safety appeal . . . in the New Hampshire Supreme Court."[2]  Am. Compl. (Doc. No.

---

[2] In response to this court's order directing Phillips to clarify the nature of his claims, Phillips has produced two separate August 9, 2017 recommended orders signed by Judicial Referee Alice Love.  Only one of those orders matches the description of the alleged altered court document.  See Aug. 15, 2017 Order, In re Phillips & Curtis, slip op. at 2 (Doc. No. 6-

6

6, at 5). Phillips's filings here do not clarify precisely what specific language he alleges was whited out, but Phillips maintains that the deletion affected his ability to file an appeal in the NHSC.

Absolute immunity protects judges from "civil liability for any normal and routine judicial act," except those taken in the "clear absence of all jurisdiction." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Stump v. Sparkman, 435 U.S. 349, 357 (1978)). Judicial immunity from claims for damages "applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok, 876 F.2d at 2.

Absolute quasi-judicial immunity bars claims for damages against court personnel performing discretionary functions

---

1, at 26). Identified as Exhibit 11 by plaintiff, see id., Judicial Referee Love's August 9, 2017 recommended "Order on Motion for Contempt for Unpaid Child Support and Motion for Attachment of Benefit, et al.," includes seven numbered paragraphs and a blank space following Paragraph 7, where Phillips asserts missing Paragraph 8 was whited out, above Judicial Referee Love's August 9, 2017 signature and Judge Michael Ryan's August 15, 2017 endorsement. This court's record does not include any other version of that order which includes an eighth numbered paragraph. The second August 9, 2017 recommended order filed as an exhibit here (identified by Phillips as Exhibit 10), see Doc. No. 6-1, at 24, does not include any numbered paragraphs. The part of that order that is in this court's record includes Judicial Referee Love's initialed alterations and deletions in a proposed order prepared by Curtis's counsel, which Judicial Referee Love signed on August 9, 2017, and Judge Ryan issued through an endorsed order on August 15, 2017, see Doc. No. 6-1, at 24.

closely related to the judicial process.  See id.; see also Gallas v. Sup. Ct., 211 F.3d 760, 772–73 (3d Cir. 2000).  Such "immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction.'"  Sindram v. Suda, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (citation omitted).  Such immunity operates "where the need for liability in damages is low," given the safeguards built into the judicial process, "and the need for a backstop to judicial immunity [is] high," to avoid the risk that disappointed litigants, unable to sue judges, would "'vent their wrath on clerks, court reporters, and other judicial adjuncts.'"  Id. (citations omitted).

 A clerk's decision not to terminate proceedings at the request of a party who produces evidence in the clerk's office and communications regarding how such evidence may be filed implicates critical functions of the clerk's office with respect to the management of evidence for, and maintenance of cases in the court's docket.  Those functions are integral to the judicial process.  Similarly, the clerk's publication of the contents of trial court orders is a task that is integral to the judicial process.  See Ives v. Agastoni, No. CV 15-30153-MAP, 2015 U.S. Dist. LEXIS 173910, at *9, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015) ("accepting filings" and "recording

8

rulings" are judicial functions "regularly performed by judges and clerks within the scope of their jurisdiction"), R&R adopted, No. 15-CV-30153-MAP, 2016 U.S. Dist. LEXIS 1070, 2016 WL 79881 (D. Mass. Jan. 5, 2016). Phillips's claims for damages relating to those matters fall within the scope of the court clerk's absolute immunity. For that reason, Claims 2(a), 2(b), and 2(c) should be dismissed.

      2.   Claim 2(d)

In Claim 2(d), Phillips asserts that an unidentified employee in the Merrimack Family Court berated him by calling out when he appeared in the clerk's office, something to the effect of "Why don't you pay her?" Phillips seeks damages for alleged violations of his rights to due process and equal protection relating to that comment.

To state an actionable due process claim, a plaintiff must assert facts showing that he has suffered a deprivation of a protected interest in life, liberty, or property. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976). Phillips has not alleged any facts suggesting that the comment about his failure to pay deprived him of any protected interest.

To state a claim that state action violates substantive due process, a plaintiff must allege facts showing that the state actor's conduct "objectively 'shocks the conscience.'" S.

9

Commons Condo. Ass'n v. Charlie Arment Trucking, Inc., 775 F.3d 82, 91 (1st Cir. 2014) (citation omitted). "'[T]he requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error,'" id. (citation omitted); even bad faith is not necessarily enough. Id. at 93. Absent any indication of how the comment affected Phillips's ability to litigate meritorious issues or otherwise deprived him of a protected liberty or property interest, Phillips's allegations regarding Claim 2(d) do not implicate the type of state action that could give rise to a viable substantive due process claim. Accordingly, Claim 2(d) should be dismissed to that extent.

To establish an equal protection claim, a plaintiff needs to allege facts showing that "'(1) the [plaintiff], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure'" the plaintiff. Davis v. Coakley, 802 F.3d 128, 132-33 (1st Cir. 2015) (citations omitted). Phillips has not pleaded facts showing that he is a member of any suspect class, and he has not pleaded any non-conclusory facts to state a claim that he was singled out for different treatment based on any malicious intent to cause him injury, with respect to the single remark at issue. See Ooley v. Citrus

Heights Police Dep't, 603 F. App'x 628, 629 (9th Cir. 2015) (standing alone, "stray remarks are insufficient to establish discrimination"). Accordingly, Claim 2(d), asserting equal protection violations, should be dismissed for failure to state a claim upon which relief can be granted.

    D.    *Younger* Abstention (Claims 3, 4)

Claims 3 and 4 in this case implicate the Younger abstention doctrine. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts are generally required to abstain from enjoining or issuing declaratory relief that would affect ongoing state criminal prosecutions, ongoing state civil enforcement proceedings that resemble prosecutions, and other types of ongoing civil proceedings that "'implicate a State's interest in enforcing the orders and judgments of its courts,'" absent extraordinary circumstances, Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015) (quoting Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013)), if the proceeding (1) is "judicial in nature," (2) "implicates important state interests," and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims or defenses. Sirva Relocation, 794 F.3d at 196; see also Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 26 (1st Cir. 2009). When Younger applies, abstention is mandatory, and

11

the federal court is deprived of any discretion to grant injunctive or declaratory relief, unless an exception to Younger applies. See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Sirva Relocation, 794 F.3d at 192. The few extraordinary circumstances where abstention is not required include state proceedings brought in bad faith for purposes of harassment, state cases in which the state forum provides inadequate protection of federal rights, and circumstances where the state statute at issue in the proceedings is "'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, 794 F.3d at 192 (citations omitted).

Here, the underlying state proceeding is a contempt proceeding, to which Younger applies, as it implicates the state's ability to enforcement its orders and judgments. The Younger abstention doctrine limits this court's further consideration of Claims 3 and 4, as this court's consideration of their merits would interfere with that important state court interest. Moreover, Phillips has had an adequate opportunity to raise the same issues he asserts in Claims 3 and 4 in the state case, and he can appeal adverse orders to the NHSC. Phillips has not made a showing of bad faith or other extraordinary circumstances that could exempt this case from abstention.

Where a federal plaintiff seeks only injunctive or declaratory relief, dismissal without prejudice is the appropriate means of abstaining under Younger. But where the relief requested includes damages, Younger abstention is appropriately effected through a stay of the claims for damages. See Rossi v. Gemma, 489 F.3d 26, 38 (1st Cir. 2007). To the extent Claims 3 and 4 seek damages, those claims are properly stayed until the pending contempt proceedings are concluded, including any appeals arising out of those proceedings.

   E.   Governor Sununu (Claim 5)

Phillips asserts that Governor Chris Sununu is liable for violating his oath of office and failing to perform duties under the New Hampshire Constitution. Phillips has failed to state a claim upon which relief can be granted against Governor Sununu, as neither the state constitution nor the governor's oath of office gives rise to a private right of action for the matters alleged by Phillips. Accordingly, Claim 5 should be dismissed for failure to state a claim upon which relief can be granted.

II.  Motion for Injunction (Doc. No. 9)

Phillips has moved for an injunction ordering the state to cease all child support collection activity, including the pending contempt proceedings in the Merrimack Family Court. The

13

Younger abstention doctrine bars plaintiff from seeking such relief. As plaintiff has not demonstrated a likelihood of success on the merits of any claim in this case, and the request for an injunction ordering the cessation of the pending Merrimack Family Court proceedings is precluded by Younger, the motion for an injunction (Doc. No. 9) should be denied. See Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (showing of likelihood of success on merits is prerequisite to obtain preliminary injunctive relief).

## Conclusion

For the foregoing reasons, the district judge should DENY the motion for preliminary injunctive relief (Doc. No. 9); DISMISS Claims 1, 2, and 5; DISMISS all claims asserted against the state agencies and state officials in their official capacities; DROP Merrimack Family Court Clerk Lynn Killkelley and Governor Chris Sununu as defendants; and STAY further consideration of Claims 3 and 4, as numbered in this Report and Recommendation, to the extent Phillips seeks damages on those claims, until a final decision has been issued in the relevant state court proceedings, following a ruling on the matters at issue in the show cause hearing presently scheduled for August 28, 2018, and any pertinent appeal that may ensue.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*[signature]*
Andrea K. Johnstone
United States Magistrate Judge

August 29, 2018

cc:  William Phillips, pro se