**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


William Phillips

    v.                                    Case No. 18-cv-215-JL

N.H. Governor Chris Sununu et al.


**REPORT AND RECOMMENDATION**


Before the court are plaintiff William Phillips's initial pleadings (Doc. Nos. 1, 6, 8, 9, 10, 11, 15) and his response (Doc. No. 67) to the July 1, 2020 Order (Doc. No. 66) directing him to file copies of certain orders issued in the state family court proceedings, In re Phillips & Curtis, No. 226-2008-DM-01185 (N.H. Cir. Ct., 9th Cir.-Family Div.-Nashua) ("In re Phillips & Curtis"), underlying his claims in this case.[1] The matter is before this court at this time for further preliminary review of the claims in this action, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

---

[1]When Mr. Phillips filed this case, In re Phillips & Curtis was pending in the Merrimack District Court. His motion to change venue in that case was granted, which resulted in its reassignment to Nashua District Court on August 27, 2019. See July 9, 2019 Order (granting motion to change venue), id. (Index #324) (Doc. No. 61-1, at 1).

**Background**

I.   State Court Proceedings

The claims in this case relate to collection activities undertaken in state court by Lisa Curtis, the mother of Mr. Phillips's children, to recover unpaid child support from Mr. Phillips dating back to 2011/2012, around the time when Mr. Phillips asserts he became disabled and began to receive disability benefits from Guardian Life Insurance.  Mr. Phillips asserts that beginning in 2011, the New Hampshire Department of Health and Human Services ("DHHS") Division of Child Support Services ("DCSS") garnished his disability benefits to pay child support arrearages.  That garnishment ended when he began to receive Supplemental Security Income ("SSI") in late 2012.  In December 2016, DCSS certified that the amount of unpaid child support then exceeded $29,500.00.  See DCSS Dec. 14, 2016 Ltr. to Lisa Curtis and Financial Statement (Doc. No. 6-1, at 10, 11).

In 2017, Ms. Curtis, through counsel, filed a motion in In re Phillips & Curtis, seeking to have Mr. Phillips held in contempt of court for failing to pay child support.  After an August 2017 hearing on the motion for contempt, the court in that case ("Family Court") ordered Mr. Phillips to direct Guardian Life Insurance to pay $700 per month of his disability benefits to Ms. Curtis's counsel, to pay off the arrearages.

See Aug. 15, 2017 Order, In re Phillips & Curtis (Doc. No. 6-1, at 24). Mr. Phillips filed an appeal of that order to the New Hampshire Supreme Court ("NHSC"). The NHSC declined that appeal in January 2018. See In re Phillips, No. 2017-0523 (N.H. Jan. 17, 2018) (Doc. No. 6-2, at 5).

Ms. Curtis filed a renewed motion in In re Phillips & Curtis in 2018, seeking to have Mr. Phillips held in contempt of court. That motion was granted in August 2018. See Doc. No. 61-3, at 15-16.

In June 2019, Ms. Curtis filed a petition in In re Phillips & Curtis seeking to attach Mr. Phillips's Guardian Life Insurance annuity income. See Doc. No. 61-2. After a hearing, the Family Court issued an order which was the "final statutory judgment" for unpaid child support, which that court calculated to be $26,840.00. See Dec. 30, 2019 Order, In re Phillips & Curtis (citing N.H. Rev. Stat. Ann. § 461-A:14, VI) (Index #333) (Doc. Nos. 63-1, 63-2). The Family Court then granted Ms. Curtis's petition to attach Mr. Phillips's Guardian Life Insurance annuity payments, see Doc. Nos. 63-1, 63-2, and clarified that the attachment was allowed in an amount up to $35,000.00, accounting for both the arrearages and Ms. Curtis's attorney fees, see Feb. 4, 2020 Order, In re Phillips & Curtis, Index #338.

Mr. Phillips's appeal of those orders was dismissed.  See In re Phillips, No. 2020-0096 (N.H. May 7, 2020).  All pertinent state court proceedings have ended.

II.  Federal Court Proceedings

Mr. Phillips filed this action in 2018, seeking damages and a preliminary injunction to halt the state court contempt and child support collection proceedings.  This court subjected Mr. Phillips's initial pleadings to preliminary review, and dismissed all but two of his claims on grounds of immunity and failure to state a claim, leaving only the claims identified by this court as Claims 3 and 4, to the extent Mr. Phillips was seeking damages.  See Sept. 13, 2018 Order (Doc. No. 22) (approving Aug. 29, 2018 Report and Recommendation ("August 2018 R&R") (Doc. No. 18)).  The court then stayed further preliminary review of Claims 3 and 4 under Younger v. Harris, 401 U.S. 37 (1971), pending resolution of the collection and contempt proceedings in In re Phillips & Curtis, and denied the request for a preliminary injunction.  See Sept. 13, 2018 Order (Doc. No. 22).

The two claims remaining in this case, as identified in the August 2018 R&R, are the following:

> 3.  Lisa Curtis and her counsel violated Mr. Phillips's rights under the federal Fair Debt Collection Act, made false and misleading representations, and engaged

4

in unfair and deceptive practices in violation of state
law, in litigating a claim for unpaid child support
arrearages in the [] Family Court case.

    4.    DHHS Commissioner Jeffrey Meyers and DHHS Staff
Attorney Peggy Rossing violated plaintiff's federal rights
by certifying and/or failing to reduce the arrearages at
issue, which accrued while Mr. Phillips was receiving SSI
and disability benefits.

After receiving notice of the conclusion of the pertinent
state court proceedings, this court directed Mr. Phillips to
show cause why the remaining claims in this case were not
precluded by the final judgment in In re Phillips & Curtis.  See
July 1, 2020 Order (Doc. No. 66).  Mr. Phillips's response to
that Order, entitled "Counter Motion for Order to Show Cause
Order by the Court" (Doc. No. 67), contends that the state court
proceedings violated the Younger stay issued in this case, that
the state court is corrupt, its orders robbed him of his
property and are illegal, and the state court proceedings did
not provide him with due process and fundamental fairness.  Mr.
Phillips asks this court to enter a default judgment as to the
defendants, to reconsider the September 2018 Order denying his
request for injunctive relief, and to award him attorney fees.
Mr. Phillips's motion, and the court's completion of the
preliminary review of the remaining claims in this case, are
presently before this court.

**Discussion**

I.    Preliminary Review of Remaining Claims[2]

   A.    Claims Challenging Collection Action (Claim 3)

State court decisions have the same preclusive effect in
federal cases that they would have under state law.  See Miller
v. Nichols, 586 F.3d 53, 60 (1st Cir. 2009).

> In New Hampshire, "the essence of the doctrine of res
> judicata is that a final judgment by a court of competent
> jurisdiction is conclusive upon the parties in a subsequent
> litigation involving the same cause of action."  The
> doctrine precludes litigation in a later case of matters
> actually litigated, and matters that could have been
> litigated, in the earlier action.  For res judicata to
> apply, three elements must be satisfied: (1) the parties
> must be the same or in privity with one another; (2) the
> same cause of action must be before the court in both
> instances; and (3) a final judgment on the merits must have
> been rendered in the first action.

Torromeo v. Town of Fremont, 438 F.3d 113, 116 (1st Cir. 2006)
(citations omitted).  New Hampshire law broadly defines a
"'cause of action' as 'all theories on which relief could be
claimed on the basis of the factual transaction in question.'"
Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 694, 20 A.3d
890, 897 (2011) (citation omitted).  The parties in the state
proceeding and here are the same, both cases arose from the same
facts, and a final judgment issued in the state case.  Res
judicata thus bars plaintiff from relitigating the same claims

---

[2]The standard applied by this court in conducting the
preliminary review of the complaint documents and addenda is set
forth in the May 9, 2018 Order (Doc. No. 5).

here that he asserted, or could have asserted, in state court to
challenge the validity of the Family Court orders directing him
to pay child support arrearages.  Moreover, Ms. Curtis pursued
her own claims in Family Court against Mr. Phillips; the actions
of "[c]reditors collecting on their own accounts are generally
excluded" from regulation under the Fair Debt Collection
Practices Act.  Chiang v. Verizon New Eng., Inc., 595 F.3d 26,
41 (1st Cir. 2010).  Accordingly, Claim 3 is properly dismissed.

    B.   Claim Challenging State Agency Certification (Claim 4)

Mr. Phillips asserts that the state agency defendants, in
2016 or 2017, improperly certified an amount of unpaid child
support that included income comprised of disability insurance
benefits beginning in 2011 and SSI beginning in 2012/2013.  Mr.
Phillips unsuccessfully litigated in state court whether state
law prohibited the accrual of arrearages while he was collecting
SSI and disability benefits, and he did not appeal the Family
Court's Jan. 7, 2013 Order that rejected his state law
arguments.  See Doc. No. 6-2, at 37, 38.  He is collaterally
estopped from relitigating that issue here as part of a claim
challenging the validity of the state's certification of the
arrearages that have accrued.  None of the laws Mr. Phillips
cites prohibit the state from certifying that the amount of
unpaid child support includes amounts that accrued while he was

receiving SSI and disability payments from a private insurer.
Accordingly, Claim 4 is properly dismissed for failure to state
a claim upon which relief can be granted.

## II.    Document No. 67

Prevailing on the merits, or a likelihood thereof, is a
prerequisite to obtaining injunctive relief.  See Glossip v.
Gross, 576 U.S. 863, 876 (2015); W. Auto Supply Co. v. Savage
Arms (In re Savage Indus.), 43 F.3d 714, 719 n.8 (1st Cir.
1994).  The prerequisites to a default judgment include the
clerk's entry of a default, United States v. $23,000 in U.S.
Currency, 356 F.3d 157, 168 n.15 (1st Cir. 2004), and a
defendant's failure to appear, answer, or otherwise defend
within the time allowed, Fraser v. Gorton's Inc., No. 12-10479-
RGS, 2012 U.S. Dist. LEXIS 75281, at *5, 2012 WL 1980415, at *2
(D. Mass. May 31, 2012); see also Fed. R. Civ. P. 12(a)(1), 55.

There are no claims remaining in this case upon which
relief can be granted.  The request in Document No. 67 for an
order enjoining a state court proceeding that has since ended is
moot.  Further, defendants who have not been served or are
otherwise not yet required to answer are not properly found to
be in default.  See Fraser, 2012 U.S. Dist. LEXIS 75281, at *5,
2012 WL 1980415, at *2.  Accordingly, the district judge should

deny all of the relief sought in the motion (Doc. No. 67) filed
in response to the court's show cause order.

### Conclusion

For the foregoing reasons, the district court should:  (1)
deny the Mr. Phillips's motion (Doc. No. 67), (2) dismiss all of
the claims remaining in this case, and (3) enter judgment.  Any
objections to this Report and Recommendation must be filed
within fourteen days of receipt of this notice.  See Fed. R.
Civ. P. 72(b)(2).  The fourteen-day period may be extended upon
motion.  Failure to file specific written objections to the
Report and Recommendation within the specified time waives the
right to appeal the district court's order.  See Santos-Santos
v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 25, 2021

cc:  William Phillips, pro se
     Edward W. Richards, Esq.
     Russell F. Hilliard, Esq.
     Brooke Lois Lovett Shilo, Esq.